UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

BRANDON McFADDEN,

                Plaintiff,

-against-                                    MEMORANDUM AND ORDER
                                                      10-CV-01175 (RRM)(VVP)

STATE OF NEW YORK; SPO DARRYL
STEVENSON; P.O. ISMAIL JUSTINO,

                Defendants.
----------------------------------------------------------X

MAUSKOPF, United States District Judge.

      Plaintiff, currently incarcerated at Washington Correctional Facility, brings this *pro se* action pursuant to 42 U.S.C. § 1983 alleging that defendant parole officers knowingly filed a false parole violation report causing plaintiff's arrest on December 30, 2004 and incarceration for twenty-three days. He seeks one hundred thousand dollars in damages. Plaintiff's request to proceed *in forma pauperis* is granted pursuant to 28 U.S.C. § 1915. As set forth below, the Complaint is dismissed as to the State of New York, and plaintiff is directed to show cause within thirty days why this action should not be dismissed against defendants Stevenson and Justino as time-barred.

## STANDARD OF REVIEW

      Under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A. Upon review, a district court shall dismiss a prisoner's complaint *sua sponte* if the complaint is "frivolous, malicious, or fails to state a claim upon which relief

1

may be granted; or seeks monetary relief from a defendant who is immune from such relief." *Id.*; *Liner v. Goord*, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (noting that under PLRA, *sua sponte* dismissal of frivolous prisoner complaints is not only permitted but mandatory); *see also Tapia-Ortiz v. Winter*, 185 F.3d 8, 11 (2d Cir. 1999). The Court construes plaintiff's *pro se* pleadings liberally particularly because they allege civil rights violations. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191-93 (2d Cir. 2008).

## FACTUAL BACKGROUND

The entirety of plaintiff's statement of claim is as follows:

> Supervisor Darryl Stevenson directed Parole Officer Ismail Justino to draw up a violation report perta[in]ing to Brandon McFadden arre[s]t on 12/30/04. The report was deemed false, further more, P.O. Justino fals[ified] a report to parole for a hearing. The Supervisor did appear, lie before the court to the facts of Brandon McFadden, as well as P.O. Justino.

In his plea for relief, plaintiff adds that defendant Stevenson "did lie to a jury on January 15, 2010 pertaining to any and all facts of my case" and that he was "falsely locked up for twenty three days" because of defendants' Stevenson and Justino's actions. (Complaint at V.)

The Court takes judicial notice that in plaintiff's action against three different New York State parole officers concerning the same parole arrest on December 30, 2004 and alleging malicious prosecution, *McFadden v. P.O. Marcus et al.*, 05-CV-4342 (TLM)(LB), judgment was entered against two of the parole officers, Marcus and Cook, in the amount of $34,500 on January 18, 2010 and amended February 23, 2010. (See docket nos. 122, 132.)

## DISCUSSION

1. State of New York

In order to maintain a §1983 action, a plaintiff must allege two essential elements. First,

2

"the conduct complained of must have been committed by a person acting under color of state law." *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994) (citation omitted). Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." *Id.*

To the extent plaintiff seeks to bring a § 1983 claim against the State of New York, it fails because the State is entitled to Eleventh Amendment immunity. In interpreting § 1983 to take into account state sovereign immunity provided by the Eleventh Amendment, the Supreme Court has plainly held that neither states nor its officers (when sued in their official capacities) are "persons" that are subject to suit under the statute. *Hafer v. Melo*, 502 U.S. 21, 26 (1991) (the Eleventh Amendment does not bar § 1983 suits against state officials in their individual and personal capacity); *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989) (neither states nor state officials acting in their official capacities are persons within the meaning of § 1983).

2. Statute of Limitations

To the extent plaintiff sues defendants Stevenson and Justino in their personal capacities, it appears that this action is barred by the statute of limitations, since the arrest which he contests occurred in 2004 and he filed this action in 2010, well beyond the three year statute of limitations applicable to 42 U.S.C. § 1983 actions, and plaintiff has alleged no basis for equitable tolling. *Abbas v. Dixon*, 480 F.3d 636, 641-42 (2d Cir. 2007). Accordingly, plaintiff is directed to show cause within thirty days of the date of this Order why this action should not be dismissed as time-barred.

## CONCLUSION

Accordingly, the complaint against defendant the State of New York is dismissed. 28

U.S.C. § 1915A. No summons shall issue against this defendant.

Plaintiff shall have thirty days to show cause why this action should not be dismissed as time-barred by the three-year statute of limitations applicable to 42 U.S.C. § 1983 actions. All further proceedings shall be stayed for thirty days for plaintiff to comply with this Order. If plaintiff fails to comply with this Order within the time allowed or show good cause why he cannot comply, the complaint against the remaining defendants will be dismissed as time-barred. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is respectfully directed to mail copies of this Order to *pro se* plaintiff.

SO ORDERED.

Dated: Brooklyn, New York
May 11, 2010

/S/
ROSLYNN R. MAUSKOPF
United States District Judge